Green, J.
delivered the opinion of the court.
The question in this case is, whether the defendant was liable to work on the road of which plaintiff was overseer. By the act of 1804, ch. 1, sec. 17, the authority of designating the bounds within' which the persons residing on roads shall be subject to work on each road, is vested in the justices of the county court. This power cannot be by that court transferred elsewhere. The law has clothed that court with this jurisdiction, and it can no more delegate its authority in this particular than in any other. It follows that the designation of hands by the two justices appointed for that purpose was invalid, and that the evidence of such designation was properly rejected by the court.
But it is insisted that, by prior orders of the court, the defendant’s hands were designated to work on this road, and that these orders were in force when the default happened. Neither of the orders referred to, purport to be a permanent designation of hands, to continue in force until repealed by some subsequent order. Neither of them does more than require the hands designated to work under the overseer then appointed. When his authority ceased their obligation ceased. This is clearly the plain meaning of the orders, and was so understood by the court that made them, for when they appoint the plaintiff overseer, they deem it necessary to make a new designation of hands.
There is no error in the judgment of the circuit court, which is therefore affirmed.
Judgment affirmed.